IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH H. SCHROEDER, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-cv-01132-JWB-GEB |
| RISECO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### ORDER

This matter is before the Court on Plaintiff Joseph H. Schroeder, II's Motion to Proceed Without Prepayment of Fees (ECF No. 3, *sealed*). For the reasons set forth below, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (**ECF No. 3,** *sealed*) is **GRANTED**.

Approval of Plaintiff's application to proceed *in forma pauperis* in a civil matter is a privilege, not a right.[1] The Court, under 28 U.S.C. § 1915(a), may exercise sound discretion[2] to authorize the filing of a civil case without prepayment of fees or security, so long as the person submits a financial affidavit and the Court determines they are incapable of paying such fees. Typically, the Court compares the applicant's monthly income to his

---

[1] *Baldwin v. City of Osawatomie, Kan.*, No 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (citing *White v. Colorado*, 157 F.3d 1126, 1233 (10th Cir. 1998)).
[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (D. Kan. Apr. 23, 1999)).

1

or her monthly expenses to ascertain the applicant's financial ability to pay.[3] Courts must neither act arbitrarily nor deny the application on erroneous grounds,[4] but such applications should be granted sparingly.[5]

This Court has carefully reviewed Plaintiff's attached affidavit of financial status (ECF No. 3-1, *sealed*), and concludes Plaintiff qualifies to proceed without prepayment of fees. Plaintiff discloses he is employed, single, and without any dependents. Also, Plaintiff's only owned property is an automobile which still has a considerable amount owed against it. Additionally, Plaintiff's disclosed monthly expenses substantially exceed his reported monthly income. The composition of Plaintiff's monthly obligations compared to his reported monthly salary persuades the Court to grant clemency.

**IT IS THEREFORE ORDERED** that the Motion to Proceed Without Prepayment of Fees **(ECF No. 3,** *sealed***)** is **GRANTED**. A grant of *in forma pauperis* status to a filing party would normally invoke service of process by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). However, in light of this Court's order requiring Plaintiff to file an amended complaint (ECF No. 5), the clerk is directed to **stay service** of process pending Plaintiff's filing of an amended complaint and the Court's review of the amendment.[6]

---

[3] *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162- 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).
[4] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).
[5] *Patillo*, 2002 WL 1162684, at *1 (citing *Buggs*, 1997 WL 321289, at *8).
[6] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).

**IT IS SO ORDERED.**

Dated this 15th day of July, 2019 at Wichita, Kansas.

s/ Gwynne E. Birzer<br>
GWYNNE E. BIRZER<br>
United States Magistrate Judge