IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH H. SCHROEDER, II, )
)
         **Plaintiff,** )
)
v. )
)   Case No. 19-cv-01132-JWB-GEB
RISECO, )
)
         **Defendant.** )
_____)

## ORDER DIRECTING PLAINTIFF
## TO FILE AN AMENDED COMPLAINT

In conjunction with the filing of this order, the undersigned granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 4.) However, the authority to proceed without prepayment of fees has limitations. Under 28 U.S.C. § 1915(e)(2), *sua sponte* dismissal of the case is required if the court determines the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks relief from a defendant who is immune from suit.[1] Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[2] After careful consideration and application of these standards, the undersigned Magistrate Judge orders Plaintiff to file an amended complaint to avoid a recommendation of dismissal for the reasons set forth below.

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).
[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)).

1

## Background[3]

On May 21, 2019, Plaintiff filed his two-paragraph Complaint (ECF No. 1) with this Court, along with his Motion for Leave to Proceed *in forma pauperis* (ECF No. 3). Plaintiff's motion was granted by separate order; however, the Court now reviews the merits of his Complaint. Plaintiff's presumed cause of action, as noted in his Civil Cover Sheet, is under the Fair Debt Collection Act; however, as described below, this is unclear.[4]

As alleged in the Complaint, Plaintiff resides in Kansas and Defendant Riseco, which appears to be a business, is located in Texas. Plaintiff first claims he "repeatedly advised Defendant to cease . . . calling him on his work number," but the company did not comply with his request. (ECF No. 1.) Further, Plaintiff alleges when he blocked the phone number Defendant initially called from, Defendant then began calling him from a different number. This continued until Plaintiff changed his telephone number.

Plaintiff requests Defendant be ordered to pay the filing fee for this case for violating "his rights under KSA." (ECF No. 1.) Also, Plaintiff asks the Court to find Defendant in breach of contract, and to declare said contract null and void. Finally, Plaintiff requests the Court to order Defendant to "immediately and permanently remove any and all information regarding this matter from any and all credit reporting agencies." (ECF No. 1.)

---

[3] Unless otherwise indicated, the facts recited in this section are taken from Plaintiff's Complaint (ECF No. 1).
[4] *See* ECF No. 2.

**Discussion**

This Court reviews the sufficiency of Plaintiff's Complaint under the same standard as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[6] "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[7]

Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed.[8] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[9] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[10] Fed. R. Civ. P. 8 "demands more than naked assertions."[11]

Under Rule 8, a Complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand of the relief sought."[12] The Complaint must also "give the defendant fair notice of what the plaintiff's claim is and the grounds

---

[5] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[6] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

[8] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[9] *Id*.

[10] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

[11] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

[12] Fed. R. Civ. P. 8(a)(1)-(3).

upon which it rests."[13] Moreover, the Court must be able to determine whether the allegations, if proven, demonstrate the plaintiff is entitled to relief.[14] If the Court finds any of these requirements absent, even after affording liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[15]

On review of the Complaint, the undersigned finds it fails to comply with the requirements of Rule 8. First, Plaintiff does not include any statement establishing grounds for jurisdiction in this Court. Because "federal courts are of limited jurisdiction; they must have a statutory basis for their jurisdiction"—either federal question or diversity jurisdiction.[16] Federal question gives "district courts . . . original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[17] Diversity of citizenship, is fulfilled when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[18]

Here, Plaintiff seems to indicate this is a contract case—which would typically be a state court action, unless diversity jurisdiction applies. However, there is no indication the relief Plaintiff seeks exceeds the $75,000 threshold. Plaintiff simply does not offer enough information for the Court to determine whether it has jurisdiction over his claim.

---

[13] *Conley v. Gibson*, 355 U.S. 41, 48 (1957).
[14] *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).
[15] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[16] *See Perry v. Cowley Cty. Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).
[17] *See id.* (citing 28 U.S.C. § 1331).
[18] *See id.* (citing 28 U.S.C. § 1332(a)(1)).

Second, although Plaintiff's claim is short, the Court is unable to ascertain whether Plaintiff brings a claim for breach of contract, or a violation of some statute which prevents unwanted telemarketing calls. In the first paragraph of his Complaint, Plaintiff appears to bring a claim for unwanted phone calls, which may be prohibited by statute.[19] However, given the lack of information presented, the Court cannot ascertain whether the phone calls alleged would be prohibited under any specific statute. And, in his claim for relief, he cites to the Kansas Statutes Annotated ("KSA"), seeks relief for a breach of contract, and asks for contractual remedies. But he provides no facts which support any contractual relationship between the parties. Based upon the limited information provided in the Complaint, it is entirely unclear what type of claim Plaintiff is alleging. There are simply not enough factual allegations for the Court to assess whether he is entitled to relief.

Third, although Plaintiff states a clear demand for relief, he seeks relief for a breach of contract. But, as discussed, the facts in his Complaint do not support a contractual relationship. Therefore, Plaintiff has not presented the Court with enough information to support a finding that he is entitled to relief.

Finally, the Complaint fails to put Defendant on notice of the claims brought against it. As described above, the paragraph of facts provided in the Complaint simply does not mesh with the relief sought, and Defendant could not be expected to prepare an answer.

---

[19] *See, e.g.*, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which prohibits certain types of unwanted telemarketing calls.

Although *pro se* pleadings are liberally construed, the Court cannot craft legal theories or supply factual allegations for *pro se* plaintiff.[20]

Rather than recommending dismissal, the Court will permit Plaintiff an opportunity to amend his Complaint to comply with Rule 8. To avoid a recommendation of dismissal, Plaintiff must include the following in an Amended Complaint: (1) explain what Defendant did to him; (2) state when Defendant did it; (3) allege how Plaintiff was harmed by Defendant's actions; (4) state the specific legal right Plaintiff believes Defendant violated.[21] Furthermore, Plaintiff is encouraged to utilize and fully complete the suggested Civil Complaint template, available electronically at:

http://ksd.uscourts.gov/wp-content/uploads/2018/01/Civil-Complaint.pdf.

**IT IS THEREFORE ORDERED** that by no later than **August 2, 2019**, Plaintiff must file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed above in this order.

This order will be mailed to Plaintiff by certified mail.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2019 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[20] *Abdelsamed v. United States*, 13 F.App'x 883, 884 (10th Cir. 2001).
[21] *Mann v. Boatright*, 477 F.3d 1140, 1163 (10th Cir. 2007)